IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| *Brian Lumbus, Jr.,* | ) |
| Plaintiff, | ) CASE NO. 1:25-cv-00190 |
| v. | ) Judge Pamela A. Barker |
| *Huntington Bank, et al.,* | ) |
| Defendants. | ) |

**DEFENDANT EARLY WARNING SERVICES, LLC'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT**

Nothing in Plaintiff's Amended Opposition changes the result here. As set forth in the Motion,[1] Plaintiff fails to state a claim against EWS as a matter of law, and all claims should be dismissed with prejudice.

EWS is not subject to the EFTA because it did not act as a "financial institution" within the meaning of the statute. Zelle is a network owned by EWS and used by participating banks to facilitate payments between the banks. As detailed in the Motion and below, EWS does not hold Plaintiff's account at Huntington, did not enter into any agreement with Plaintiff to provide electronic fund transfer services, did not issue an access device for Plaintiff's account at Huntington, and did not make the electronic fund transfers at issue. As the plain terms of the Service Addendum between Plaintiff and Huntington demonstrate, Plaintiff's conclusory assertions that EWS controlled, authorized, and processed the at issue transactions are misguided. Plaintiff's EFTA claim should be dismissed as a matter of law.

---

[1] Terms are used herein as defined in the Motion.

Plaintiff's OCSPA claim also fails because EWS did not act as a supplier in connection with a consumer transaction. The transactions at issue are explicitly exempted from OCSPA. EWS's only role in the transactions is that of a network provider to Huntington. As a third-party network provider to Huntington for exempted transactions, EWS does not meet the definition of a "supplier" in connection with a "consumer transaction" under OCSPA. And, even if OCSPA did apply (it does not), Plaintiff does not plausibly allege any unfair or deceptive conduct by EWS.

Finally, Plaintiff's negligence claim fails as a matter of law because EWS did not owe Plaintiff a relevant duty of care and his claim is barred by the economic loss doctrine. Plaintiff fails to point to any authority to the contrary.

For these reasons and those set forth in the Motion, Plaintiff's Complaint against EWS should be dismissed in its entirety, with prejudice.

### I.     ARGUMENT

#### A.     EWS did not act as a "financial institution" and cannot be held liable under EFTA.

EWS does not qualify as a "financial institution" within the meaning of the EFTA and Plaintiff's arguments to the contrary are unavailing.

*First*, as previously briefed, Regulation E defines a "financial institution" as "a bank, savings association, credit union, or any other person that directly or indirectly ***holds an account belonging to a consumer, or that issues an access device and agrees with a consumer to provide electronic fund transfer services***." 12 C.F.R. § 1005.2(i). EWS does not hold the subject account; Plaintiff's own Complaint confirms that Huntington does. Compl. § III, ¶ 22. Nor did EWS issue an access device, enter into any agreement with Plaintiff to provide electronic fund transfer services, or engage in the electronic transfer of funds. Just as in *Tristan v. Bank of Am.*, No. SACV2201183DOCADS, 2023 WL 8168848, at *5-6 (C.D. Cal. Oct. 26, 2023), *reconsideration*

*denied,* No. SACV2201183DOCADS, 2023 WL 8945714 (C.D. Cal. Dec. 5, 2023) (dismissing EFTA claims against EWS with prejudice because EWS did not qualify as a "financial institution"), EWS does not meet the definition of a "financial institution" here.

Plaintiff's assertions to the contrary are not supported by allegations in the Complaint and are misguided in any event. Plaintiff's response includes new factual allegations regarding EWS and Zelle which may not be considered as they are not contained within the operative pleading. However, even if the Court were to consider these new factual allegations, they do not save Plaintiff's claims from dismissal, and do not warrant leave to amend. It is black letter law in the Sixth Circuit that courts need not accept as true factual allegations that are contradicted either by statements in the complaint itself or by documents upon which the complaint relies. *Williams v. CitiMortgage, Inc.*, 498 F. App'x 532, 536 (6th Cir. 2012); *see also Luckey Farmers, Inc. v. Fergus Farms, LLC*, 717 F. Supp. 3d 676, 686 (N.D. Ohio 2024). Plaintiff incorrectly alleges that EWS, as the owner of Zelle, "directly influences transactions," "determines how transactions are executed," "directly controlled the process by which Plaintiff's funds were removed," and "directly processed and authorized" the at issue transactions. These allegations are all contradicted by the plain terms of the Service Addendum governing Plaintiff's use of Zelle through his account at Huntington: "***Zelle® does not transfer the money***, but rather transmits the required messages between Users, using identifiers such as email addresses or phone numbers, ***which enables financial institutions to facilitate the Money Transfer***." RJN, Ex. 2 § 2 (emphasis added). Huntington, not EWS, transferred the funds at issue.

*Second*, the Consumer Financial Protection Bureau's ("CFPB") nonbinding guidance[2] actually confirms that EWS did not act as a "financial institution" under the EFTA and Regulation

---

[2] Although the CFPB's statements support EWS's position here, it is important to note that these statements are non-binding. For example, the statements published by the CFPB are part of a "Compliance Aid," which the CFPB

3

E with respect to the disputed transactions. Plaintiff claims that the CFPB "has explicitly stated that P2P payment networks like Zelle fall under the scope of the EFTA[,]" and does not provide a citation. Resp. at 2. What the CFPB's guidance, which was updated in December 2021 specifically to address person-to-person ("P2P") payment systems, actually says in response to the question, "Can non-bank P2P payment providers be considered financial institutions under Regulation E," is that "[N]on-account-holding providers of P2P payment or bill payment services are considered covered financial institutions under Regulation E *if the provider issues an access device and agrees with a consumer to provide EFT services*."[3] EWS has not done so here, and to the extent Plaintiff suggests otherwise, his assertions are contradicted by the Service Addendum.

Plaintiff claims "the CFPB's recent lawsuit against EWS confirms its EFTA violations[,]" and requests the Court take judicial notice thereof. Resp. at 2–3. That lawsuit, *CFPB v. Early Warning Services, LLC, et al.*, Case No. 24-cv-3652-SMB (D. Ariz. Dec. 20, 2024),[4] which had not progressed past the pleading stage, was voluntarily **dismissed by the CFPB with prejudice**. *Id.*, Plaintiff CFPB's Notice of Dismissal, ECF No. 39 (Mar. 4, 2025). Furthermore, the complaint in that case does not "confirm" or "prove" that EWS is liable under EFTA, or any other theory of liability. The CFPB did not bring an EFTA claim against EWS; but, even if it had, complaints contain only allegations, and do not constitute "proof" of the facts alleged. *See generally Stokes v. Ohio Truck Sales, LLC*, 633 F. Supp. 3d 1023, 1029 (N.D. Ohio 2022) (holding that facts alleged in the complaint could not be relied upon as admissible evidence in support of summary judgment

---

expressly "does not intend to use . . . to make decisions that bind regulated entities" and "are not 'rules' under the Administrative Procedure Act." Federal Register, *Policy Statement on Compliance Aids*, https://www.federalregister.gov/documents/2020/01/27/2020-00648/policy-statement-on-compliance-aids.

[3] Consumer Financial Protection Bureau, *Electronic Fund Transfers FAQs*, https://www.consumerfinance.gov/compliance/compliance-resources/deposit-accounts-resources/electronic-fund-transfers/electronic-fund-transfers-faqs/#financial-institutions-2 (emphasis added) (citing 12 C.F.R. § 1005.2(i)).

[4] EWS was not able to find the majority of the cases cited by Plaintiff at the citations provided; however, EWS has endeavored to identify the cases Plaintiff intended to cite and to address them herein.

motion). For each of these reasons, even were the Court to take judicial notice of the CFPB's now-dismissed lawsuit (which was not cited in the Complaint), it does not change the outcome here.[5]

*Finally*, Plaintiff appears to rely on a recent decision out of the Southern District of New York in *New York v. Citibank, N.A.*, No. 24-CV-659 (JPO), 2025 WL 251302 (S.D.N.Y. Jan. 21, 2025), granting in part and denying in part Citibank's motion to dismiss various claims, including an alleged EFTA violation, brought by the New York Attorney General in connection with consumer wire transfers. In contrast, Plaintiff's claims here have nothing to do with wire transfers or the applicability of the EFTA to such transfers. The Southern District of New York's decision is also irrelevant to EWS's Motion because it does not bear on the threshold question of whether EWS is a "financial institution" under EFTA. The question presented was whether a consumer wire transfer was an exempt "transfer of funds" under EFTA; there was no dispute that Citibank is a "large financial institution" offering its customers online and mobile banking services, including the ability to make electronic payments from their accounts.

As set forth herein and at length in the Motion, EWS did not act as a "financial institution" under the EFTA, and Plaintiff's EFTA claim against EWS fails as a matter of law and should be dismissed with prejudice.

### B. EWS is not a "supplier" in connection with a covered "consumer transaction" under OCSPA.

Plaintiff's OCSPA claim against EWS likewise fails. Plaintiff contends that he has properly asserted an OCSPA claim against EWS because "EWS's services are part of a consumer transaction under Ohio law." Resp. at 2. However, as set forth in the Motion, transactions between

---

[5] Plaintiff appears to also request that the Court take judicial notice of a putative class action *Lezcano v. Early Warning Services, LLC, et al.*, Case No. 6:23-cv-00674-CEM-LHP (M.D. Fla. Jan. 18, 2023), which he claims is "directly relevant to the legal issues in this case." Resp. at 3. *Lezcano* is irrelevant for a number of reasons, most salient of which are that EWS was voluntarily dismissed from the action in March 2023, the remaining claims as to Bank of America were voluntarily dismissed with prejudice in October 2024, and the case involved claims based on a purported service disruption affecting only Bank of America customers.

consumers and financial institutions are explicitly excluded from the definition of "consumer transaction" under OCSPA. Ohio Rev. Code (R.C.) §§ 1345.01(A), 1345.02, 5725.01(A). The only conduct alleged by EWS in this case is that of a third-party network provider to financial institutions; EWS's service agreement is with Huntington, not Plaintiff. As a third-party service provider to Huntington, EWS did not as act as a "supplier" in connection with a "consumer transaction" under OCSPA. *See* R.C. § 1345.01(C); *Anderson v. Barclay's Cap. Real Est., Inc.*, 136 Ohio St. 3d 31, 35 (2013).

The decision in *Brown v. Mkt. Dev., Inc.*, 41 Ohio Misc. 57, 60, 322 N.E.2d 367, 369 (C.P. 1974), does not address third-party service providers, and has no relevance to this case. In *Brown*, there was no question that the defendants, who engaged in the practice of "solicit[ing] monies by preparing promotional letters[,]" were suppliers in connection with consumer transactions under OCSPA; the question before the court was "whether or not [OCSPA] can and should be interpreted to apply to deceptive and unconscionable practices directed only to non-Ohio consumers." *Id*. at 58–59. The only consumer at issue in this case is Plaintiff, an Ohio resident. Compl. at 1.

Nor has Plaintiff alleged unfair or deceptive conduct by EWS. Plaintiff now claims that EWS "directly processed and authorized" the purportedly fraudulent transactions and violated the OCSPA by directly impacting his ability "to access and control his funds." Resp. at 3. These new factual allegations that were not included in Plaintiff's Complaint are not accurate. As the Service Addendum makes clear, Huntington, not EWS, holds Plaintiff's account and transferred the at-issue funds.

### C. Plaintiff's Negligence Claim Fails as a Matter of Law.

As detailed in the Motion, Plaintiff's negligence claim against EWS fails as a matter of law because EWS did not owe Plaintiff a duty of care and his claim is barred by the economic loss doctrine. Plaintiff's only response is to assert that "EWS's partnership with Huntington Bank

6

creates a duty to protect consumers who use its Zelle platform," and, because EWS allegedly owed Plaintiff an independent duty, the economic loss rule does not apply. Resp. at 3. However, as amply demonstrated in the Motion, whether a duty exists is a question of law, and there is no legally recognized duty under Ohio law that would apply to EWS in this case. The fact that EWS provides a network used by financial institutions to enable those financial institutions to effectuate fund transfers does not, under the law, create a duty of care between EWS and Plaintiff. *See, e.g.*, *RLFShop, LLC v. Am. Express Co.*, No. 3:17-cv-405, 2018 WL 4030544, at *6 (S.D. Ohio Aug. 23, 2018) (dismissing negligence claim against PayPal based on processing of unauthorized transactions on plaintiff's American Express card, reasoning that, like a bank, PayPal was not in a special relationship with plaintiff but instead merely processed transactions in which someone else allegedly defrauded plaintiff). And because Plaintiff seeks the recovery of economic damages arising out of his contractual relationship with Huntington, the economic loss rule applies and bars Plaintiff's negligence claim. *See, e.g.*, *Pavlovich v. Nat'l City Bank*, 435 F.3d 560, 569 (6th Cir. 2006) (affirming decision barring customer's negligence claim for failing to administer her account with ordinary care and to safe-keep her investment assets under Ohio's economic-loss rule because bank did not owe plaintiff an independent tort duty to avoid purely economic loss).

The cases cited by Plaintiff do not hold otherwise. Neither *Taylor v. First Resol. Inv. Corp.*, 2016-Ohio-3444, 148 Ohio St. 3d 627, 72 N.E.3d 573 (2016), nor *Hirsch v. Wells Fargo Bank, N.A.*, No. 1:13-CV-01489, 2014 WL 903119, at *1 (N.D. Ohio Mar. 7, 2014), involve negligence claims or address duty of care or the application of the economic loss rule.

## II. CONCLUSION

For the foregoing reasons and for the reasons set forth in the Motion, EWS respectfully requests that the Court grant the Motion and dismiss Plaintiff's claims against EWS with prejudice.

7

Dated: March 7, 2025

        Respectfully submitted,

        */s/ Marisa T. Darden*
        Marisa T. Darden (0098583)
        **Benesch Friedlander Coplan & Aronoff LLP**
        127 Public Square, Suite 4900
        Cleveland, Ohio 44114
        Telephone: 216-363-4440
        Facsimile: 216-363-4588
        Email: MDarden@beneschlaw.com

        **STEPTOE LLP**
        Christopher R. Fredrich (*pro hac vice* forthcoming)
        cfredrich@steptoe.com
        2029 Century Park East, Suite 980
        Los Angeles, California 90067-3086
        Telephone: (213) 439-9400
        Facsimile: (213) 439-9598
        Email: docketing@steptoe.com

        Jamie Noonan Witte (*pro hac vice* forthcoming)
        jwitte@steptoe.com
        227 West Monroe, Suite 4700
        Chicago, IL  60606
        Telephone: (312) 577-1300

        *Attorneys for Defendant Early Warning Services, LLC*

## **LOCAL RULE 7.1 CERTIFICATION**

This case has not yet been assigned a track and is therefore currently on a standard case track.  This memorandum adheres to the page limitation of no more than twenty (20) pages set forth in Local Rule 7.1(f) for standard track cases.

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed on March 7, 2025, with the Clerk of the Court using the CM/ECF system. A true and accurate copy of the foregoing was also served by U.S. Postal Service Certified Mail upon Plaintiff at the following address:

Brian Lumbus, Jr.
Northeast Ohio Correctional Center
2240 Hubbard Road
Youngstown, OH 44505

*Pro Se*

*/s/ Marisa T. Darden*

*One of the Attorneys for Defendant Early Warning Services, LLC*